1  **STEPTOE & JOHNSON LLP**
   ANTHONY J. ANSCOMBE, State Bar No. 135883
2  *aanscombe@steptoe.com*
   AMANDA C. SCHWARTZ, State Bar No. 307522
3  *aschwartz@steptoe.com*
   One Market Plaza
4  Spear Tower, Suite 3900
5  San Francisco, CA 94105
   Telephone: 415.365.6700
6  Facsimile: 415.365.6699

7  Attorneys for Defendant
   Corelle Brands LLC
8

9

10                 UNITED STATES DISTRICT COURT

11                 NORTHERN DISTRICT OF CALIFORNIA

12

| | |
|---|---|
| CAROLINE GARCIA; and MICHAEL SPORN, Individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CORELLE BRANDS, LLC d/b/a INSTANT BRANDS INC.,<br><br>Defendant. | CASE NO.<br><br>**NOTICE OF REMOVAL**<br><br>[Originally San Francisco County Superior Court Case No. CGC-21-589808] |

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, AND TO THE CLERK OF THAT COURT:

**PLEASE TAKE NOTICE** that Defendant Corelle Brands LLC ("Corelle Brands"), incorrectly sued here as "d/b/a Instant Brands Inc."[1], pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, hereby removes the above-captioned action from the Superior Court of California, County of San Francisco to the United States District Court for the Northern District of California.

I.   **INTRODUCTION**

1. This Action is properly removed to this Court pursuant to 28 U.S.C. § 1441 because this Court has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"), in that this Action is a civil action in which the alleged amount in controversy exceeds the sum of $5,000,000 exclusive of costs and interest, has more than 100 members in the proposed putative class, and is between citizens of different states.

II.   **BACKGROUND**

2. On February 18, 2021, Plaintiffs Caroline Garcia and Michael Sporn ("Plaintiffs"), purportedly on behalf of themselves and all others similarly situated, filed a civil action in the San Francisco Superior Court entitled *Caroline Garcia and Michael Sporn v. Corelle Brands, LLC d/b/a Instant Brands Inc.*, San Francisco County Superior Court, Case Number: CGC-21-589808.  Plaintiffs served the Summons and Complaint on Corelle Brands on March 9, 2021.  (*See* Exhibit A, which includes the summons, Complaint and all of the documents served on Corelle Brands.)  No other activity has occurred in the case.

3. The Complaint, which is styled as a class action, purports to bring claims under California's Song-Beverly Consumer Warranty Act, California Civil Code §§ 1790 *et seq*. ("SBA"), California's Consumer Legal Remedies Act, California Civil Code §§ 1750 *et seq*.

---

[1] Instant Brands Inc. is not a d/b/a of Corelle Brands LLC, and the products at issue are neither Corelle Brands LLC products nor warranted by Corelle Brands LLC. Rather, the entity which placed the products into the stream of commerce, and warranted them, is Instant Brands Inc., a Canadian Corporation which has not been sued nor served. Corelle Brands LLC is also not subject to personal jurisdiction in California in connection with this action.

("CLRA") and California's Unfair Competition Law, California Business and Professions Code §§ 17200 *et seq*. ("UCL"). Plaintiffs' Complaint alleges that they purchased certain Instant Brands products, respectively between $90.00 and $128.00, because of the express warranties that came with the products, and that they would not have purchased the Instant Brands products if they knew they would have had to register their warranty within 30 days of purchase to validate it. The proposed putative statewide class consists of those who purchased products within California within three to four years preceding filing of complaint, that:

   a. were accompanied by a warranty or product registration card or form, or an electronic online warranty or product registration form, to be completed and returned by the customer, which do not contain statements informing the customer that the card or form is the product registration and that failure to turn in the card or form does not diminish their warranty rights;

   b. were accompanied by a warranty or product registration card or form, or an electronic online warranty or product registration form, which is labeled as a warranty registration or a warranty confirmation;

   c. were advertised as being accompanied with an express warranty but which did not contain a warranty, and/or contain warranty activation, confirmation, or registration cards requiring persons to provide their personal data or take additional steps in order to receive a warranty. (*See* Complaint ¶ 40(a)-(c).)

4. Nothing in this Notice of Removal should be interpreted as a concession of liability, the appropriateness of venue, the appropriateness of class treatment, Plaintiffs' class definition, or the validity of Plaintiffs' claim for relief. Corelle Brands reserves the right to supplement and amend this Notice of Removal.

### III. REQUIREMENTS FOR REMOVAL UNDER CAFA

5. This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"), codified in part at 28 U.S.C. §§ 1332 and 1453. Under CAFA, a district court shall have original jurisdiction over any putative civil class action in which: (1) there are at least 100 members in all proposed plaintiff classes; (2) "the matter in controversy

1  exceeds the sum or value of $5,000,000, exclusive of interest and costs"; and (3) "any member of
2  a class of plaintiffs is a citizen of a state different from any defendant." 28 U.S.C. § 1332(d)(2,
3  5). Because this action meets each of CAFA's requirements, it may be removed to federal court.
4  28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State Court of which the district courts of
5  the United States have original jurisdiction, may be removed by the defendant.").

## IV.   THE REQUIREMENTS FOR REMOVAL UNDER CAFA ARE SATISFIED

### A.   The Number of Proposed Class Members Exceeds 100

6. The Complaint alleges that "joinder of the Class members is impracticable," and states that the "Class members number in the several thousands, if not substantially more." (Complaint ¶ 45.)

7. According to Plaintiffs' Complaint, the putative class includes all customers who have bought Instant Brands products, in-store or online, that were accompanied by a warranty or product registration. during the class period.  (Complaint ¶ 40.)  These products are popular, and many sales have occurred in California over the last three to four years. The size of the putative class thus well exceeds 100 members.

### B.   The Amount in Controversy Exceeds $5 Million

8. Defendant denies Plaintiffs' substantive allegations, the appropriateness of class treatment, and that Plaintiffs are entitled to any of the relief sought in their Complaint, and does not waive any defense with respect to any of Plaintiffs' claims. Nonetheless, the amount in controversy is determined by accepting Plaintiffs' allegations as true. See *Cain v. Hartford Life & Accident Ins. Co.*, 890 F. Supp. 2d 1246, 1249 (C.D. Cal. 2012) ("In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.").

9. Here, taking Plaintiffs' allegations as true, the amount in controversy in this action (including attorney's fees) exceeds $5,000,000.  The Prayer for Relief requests, inter alia, the following relief:

> 5. For an order compelling Defendant to make **restitution to Plaintiffs and Class members under the SBA in an amount equal to the total amounts paid and payable** for the Class products;

-4-

> 6. For actual damages;
> 7. For a civil penalty of **two-times actual damages**;
> 8. For punitive damages;
> 12. For an order of restitution and **disgorgement of all profits** and unjust enrichment that Defendant obtained from Plaintiffs and Class members as a result of its unlawful, unfair, and fraudulent business practices; and
> 13. For attorney's fees, costs of suit, and out of pocket expenses.

(Prayer for Relief ¶¶ 5-7, 12-13 (emphases added).)

10. Case law is clear that "the amount-in-controversy allegation of a defendant seeking federal-court adjudication should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 549-50, (2014) (citations omitted); *see also* Schwarzer, Tashima, et al., California Practice Guide: Federal Civil Procedure Before Trial (2016) § 2:2395, at 2D-30 ("[D]efendant may simply allege in its notice of removal that the jurisdictional threshold has been met and discovery may be taken with regard to that question."); *id*. § 2:3435, at 2D-172 – 173 ("Defendant's notice of removal 'need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'"). Further, CAFA's legislative history indicates that even if the Court "is uncertain about whether all matters in controversy in a purported class action do not in the aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising jurisdiction over the case." Senate Report on the Class Action Fairness Act of 2005 Dates of Consideration and Passage, S. Rep. 109-14.

11. Plaintiffs seek monetary refunds equal to the amounts paid for the products, disgorgement of Corelle Brands' profits, monetary damages, and civil penalties of two-times actual damages. (Prayer for Relief ¶ 7, 12.) They also seek punitive damages. Given the number of potential class members, the retail price of the products, and the number of products each potential Class member could have purchased, the amount in controversy easily exceeds $5,000,000.

12. Moreover, Plaintiffs also seek an award of attorney's fees. (Prayer for Relief ¶ 13.) This amount should also be included in connection with the amount in controversy. *See Guglielmino v. McKee Foods Corp*., 506 F.3d 696, 700 (9th Cir. 2007). Although Corelle

Brands denies Plaintiffs' claim for attorneys' fees, for purposes of removal, the Ninth Circuit uses a benchmark rate of twenty-five percent of the potential damages as the amount of attorneys' fees. *In re Quintus Sec. Litig.*, 148 F. Supp. 2d 967, 973 (N.D. Cal. 2001) (benchmark for attorneys' fees is 25% of 10 the common fund). Assuming the amount in controversy is $5,000,000, an award of 25% attorneys' fees based upon such amount would be an additional $1,250,000.

13. Plaintiffs also seek injunctive relief, including corrective advertising and product recalls. The potential cost of compliance with a request for injunctive relief may be considered when calculating the amount put in controversy under CAFA. *Tompkins v. Basic Research LLC*, No. 5-08-244, 2008 WL 71808316, at *4 & n9 (E.D. Cal. Apr. 22, 2008) (noting that under CAFA, the amount put in controversy includes defendants' potential cost of compliance with a request for injunctive relief); *see also* James Wm. Moore et al., Moore's Federal Practice's 102.26(c)(iii) (3d ed. 2010) ("The amount in controversy in CAFA cases may be determined on the basis of the aggregate value to either the plaintiff class members or to the defendants"). The costs to comply with an injunction could potentially be significant and Plaintiffs' request for injunctive relief further takes the amount in controversy over the statutory threshold. *See* 28 U.S.C. § 1332(d)(2).

14. While Plaintiffs' claim for damages, in itself, puts the amount in controversy above $5,000,000, the actual, punitive and statutory damages; attorney's fees; and injunctive relief requested by Plaintiffs make clear that this requirement is satisfied.

**C.  Minimum Diversity Exists**

15. Diversity exists for purposes of removal under CAFA where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2). "[T]he term 'class members' means the persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action." 28 U.S.C. § 1332(d)(1)(D).

16. Plaintiffs are residents of California. (Complaint ¶¶ 9, 11.) However, the putative class could include customers who reside across the country. (*Id.* ¶ 40.)

17. The Complaint alleges that Corelle Brands "is a Delaware Corporation." (Complaint ¶ 13.) Corelle Brands LLC is not a corporation but an LLC, organized under the laws of Delaware, with its principal place of business in Downers Grove, Illinois. *See* https://secure.corelle.com/faqs-corporate.html. Therefore, under 28 U.S.C. § 1332(d)(10), Corelle Brands is a citizen of Delaware and Illinois.

18. Diversity exists because Corelle Brands is a citizen of the States of Delaware and Illinois, as the citizenship of an unincorporated association is defined at 28 U.S.C. §1332(d)(10). Ordinarily, for purposes of diversity jurisdiction, an unincorporated association has the citizenships of all of its members. *See Johnson v. Columbia Props. Anchorage, LP.*, 437 F.3d 894, 899 (9th Cir. 2006). However, the "exception to this rule is for class actions brought pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(10)." *Moss v. Infinity Ins. Co.*, 2015 WL 7351395, at *2 (N.D. Cal. Nov. 20, 2015). CAFA abrogates the traditional rule that an unincorporated association shares the citizenship of each of its members for diversity purposes. *See Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1032 n.13 (9th Cir. 2009) (A. Kleinfeld, concurring) ("For qualifying class actions such as this one, CAFA abrogates the traditional rule that an unincorporated association shares the citizenship of each of its members for diversity purposes ….").

19. For purposes of diversity jurisdiction under CAFA, "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10). *See also Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) ("Certain aspects of CAFA, it is true, evidence Congress's intent that the district courts' jurisdiction vis-a-vis certain kinds of actions be broadened rather than restricted. For example … under § 1332(d)(10), 'an unincorporated association [is] ... deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized,' which departs from the rule that frequently destroys diversity jurisdiction, that 'a limited partnership's [or unincorporated association's] citizenship for diversity purposes can be determined only by reference to all of the entity's members'"); *Kim v. Shellpoint Partners, LLC*, 2016 WL 1241541, at *5 (S.D. Cal. Mar. 30,

2016) ("For CAFA's purposes, [defendant] is a citizen both of the state where it has its principal place of business and the state under whose laws it is organized. *See* 28 U.S.C. § 1332(d)(10)."). To determine the principal place of business for diversity purposes, the appropriate test is the "nerve center" test. *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).

20. The diversity requirement is clearly satisfied because the putative class includes members from California, and Corelle Brands is not a citizen of California. 28 U.S.C. § 1332(d)(2).

**D.   No CAFA Exceptions Apply**

21. The Action does not fall within any of exclusion to removal jurisdiction recognized by 28 U.S.C. § 1332(d), and Plaintiffs have the burden of proving otherwise. *See Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007) ("[T]he party seeking remand bears the burden to prove an exception to CAFA's jurisdiction").

**V.   THE OTHER PROCEDURAL REQUISITES FOR REMOVAL ARE SATISFIED**

22. Removal to this judicial district and division is proper under 28 U.S.C. §§ 1441(a), 1446(a), because the Superior Court of the State of California for the County of San Francisco is located within the Northern District of California.

23. This Notice of Removal is timely because it was filed within thirty days of March 9, 2021, the date on which Corelle Brands was served with the Summons and Complaint. 28 U.S.C. § 1446(b).

24. Pursuant to 28 U.S.C. § 1446(a), a copy of the Summons, Complaint, and all other documents served on Corelle Brands are attached as Exhibit A.

25. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal and all documents in support thereof and concurrently therewith are being filed with the Clerk of the Superior Court for the County of San Francisco. Written notice of the filing of this Notice of Removal is being served upon counsel for Plaintiffs.

### VI. CONCLUSION

Corelle Brands respectfully submits that this action is removed properly pursuant to the Class Action Fairness Act.

DATED: April 7, 2021                    STEPTOE & JOHNSON LLP

                                        By:  /s/ *Anthony J. Anscombe*
                                             ANTHONY J. ANSCOMBE
                                             AMANDA SCHWARTZ

                                             Attorneys for Defendant
                                             Corelle Brands LLC