# EXHIBIT A

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CORELLE BRANDS, LLC d/b/a INSTANT BRANDS INC.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CAROLINE GARCIA; and MICHAEL SPORN, individually and on behalf of others similarly situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Sup. Ct. of CA, County of San Francisco

| | CASE NUMBER:<br>*(Número del Caso):* **CGC-21-589808** |

Civic Center Courthouse
400 McAllister St., San Francisco, CA 94102-4515

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Abbas Kazerounian, Kazerouni Law Group, APC, 245 Fischer Ave, Suite D1, Costa Mesa, CA, 92626, (800) 400-6808
Adib Assassi, Black Oak Law Firm, 1100 W. Town and Country Rd., Ste. 1250, Orange, CA 92868, (800) 500-0301

| DATE:<br>*(Fecha)* **MAR 0 1 2021** | Clerk of the Court | Clerk, by<br>*(Secretario)* **ANGELICA SUNGA** | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

    under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
              ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
              ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
              ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

BY FAX

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1  **KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN 249203)
2  ak@kazlg.com
245 Fischer Avenue, Unit D1
3  Costa Mesa, CA 92626
4  Telephone: (800) 400-6808
5  Facsimile: (800) 520-5523

6  **BLACK OAK LAW FIRM**
7  Adib Assassi, Esq. (SBN 301036)
adib@blackoaklaw.com
8  1100 W. Town and Country Rd., Ste 1250
9  Orange, CA 92868
Telephone: (800) 500-0301
10  Facsimile: (800) 500-0301

11  Attorneys for Plaintiffs,
12  Caroline Garcia and Michael Sporn

**ENDORSED**
**FILED**
*San Francisco County Superior Court*

FEB 1 8 2021

**CLERK OF THE COURT**
BY: **ANGELICA SUNGA**
Deputy Clerk

13  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
14  **COUNTY OF SAN FRANCISCO – UNLIMITED CIVIL**

15  **CAROLINE GARCIA; and**
16  **MICHAEL SPORN, individually**
**and on behalf of others similarly**
17  **situated,**

18  Plaintiffs,

19  v.

20  **CORELLE BRANDS, LLC d/b/a**
21  **INSTANT BRANDS INC.,**

22

23  Defendant.

24

25

26

27

28

Case No.: **CGC-21-589808**

**CLASS ACTION COMPLAINT**

I.   **VIOLATION OF THE SONG-BEVERLY CONSUMER WARRANTY ACT;**

II.  **VIOLATION OF THE CONSUMER LEGAL REMEDIES ACT; AND,**

III. **VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW.**

**JURY TRIAL DEMANDED**

**BY FAX**

1. Plaintiffs Caroline Garcia ("Garcia") and Michael Sporn ("Sporn") (together the "Plaintiffs"), on behalf of themselves and others similarly situated, brings this class action suit against Corelle Brands, LLC d/b/a Instant Brands, Inc. ("Defendant") for violations of California's Song Beverly Consumer Warranty Act ("SBA"), *California Civil Code §§ 1790, et seq.*; California's Consumer Legal Remedies Act ("CLRA"), *California Civil Code §§ 1750, et seq.*; and California's Unfair Competition Law ("UCL"), *California Business and Professions Code §§ 17200, et seq.*

## SUMMARY

2. Defendant is a manufacturer of kitchen appliances and advertises that its products are sold with express warranties.

3. Defendant includes within its product packaging warranty registration instructions and also makes its warranty registration form available online.

4. The SBA explicitly requires a manufacturer who chooses to provide a warranty or product registration card or form, or an electronic online warranty or product registration form, to be completed and returned by the consumer, to have the card or form include statements that:

    a. Inform the consumer that the card or form is for product registration; and,

    b. Inform the consumer that failure to complete and return the card or form does not diminish the individual's warranty rights.

5. Defendant intentionally omits any such statements that are expressly required by the SBA.

6. As a result of Defendant's unlawful and deceitful business practices, Defendant is able to chill warranty claims and benefit economically by duping consumers into thinking they do not have warranty rights unless they fill out the form and provide their personal information to Defendant. Or even worse, consumers actually do not have the warranties that were promised to them when they purchased their products as they must now register their warranties, a requirement that was not

1    disclosed at the time of purchase. Consumers are thus additionally deceived into

2    purchasing products they would not have, had they known they did not actually

3    come with warranties.

4  7.  Either scenario results in Defendant benefitting at the consumer's expense.

5  8.  Defendant's unlawful and deceptive practices alleged herein violate the SBA, the

6    CLRA, and the UCL.

## PARTIES

7

8  9.  Plaintiff Garcia is an individual residing in Lakeside, California.

9  10.  Garcia is a purchaser of Defendant's Instant Pot Lux Series ("Lux").

10  11.  Plaintiff Sporn is an individual residing in San Francisco, California.

11  12.  Sporn is a purchaser of Defendant's Instant Pot Duo Nova 10 qt. Electric Pressure

12    Cooker ("Duo").

13  13.  Defendant is a Delaware Corporation that does continuous and substantial

14    business throughout the state of California, including San Francisco County.

15  14.  At all relevant times, Defendant was engaged in the business of marketing,

16    supplying, and selling its products, including the Products purchased by Plaintiffs,

17    to the public through a system of marketers, retailers and distributors. All acts of

18    employees of Defendant as alleged were authorized or ratified by an officer,

19    director, or managing agent of the employer.

## JURISDICTION AND VENUE

20

21  15.  Subject matter jurisdiction is proper in this Court as the amount in controversy is

22    within the jurisdictional limit of this Court.

23  16.  This Court has personal jurisdiction over Defendant because Defendant conducts

24    business in the County of San Francisco, State of California; and, Sporn was

25    injured in the County of San Francisco, where Sporn resides.

26  17.  Venue is proper in this Court since this action arises from an offer or provision of

27    goods intended primarily for personal, family or household use, and one of the

28    buyers resides in this County.

KAZEROUNI
LAW GROUP, APC

# FACTUAL ALLEGATIONS

## PLAINTIFF GARCIA

18. On or about November 10, 2020, Garcia visited the Sam's Club retail store in San Diego, California looking to purchase a new pressure cooker.

19. Plaintiff saw the Lux advertised for sale.

20. The Lux's packaging prominently displayed that the Lux was accompanied by an express warranty.

21. Relying on, and valuing, the affirmative warranty promise made on the Instant Pot Lux's packaging, Plaintiff purchased the Instant Pot Lux for approximately $90.

22. Plaintiff later discovered that the Lux did not come with a warranty as Plaintiff was led to believe.

23. Contained within the Lux's packaging were instructions requiring Plaintiff to "register" the Lux's warranty online within thirty (30) days in order to "validate" its warranty and receive warranty benefits.

24. The online registration form requires a consumer to enter their name, email address, phone number, street address, city, state or province, zip code, country, date of product purchase, store name, model, and serial number.[1]

25. The online registration form did not inform Plaintiff that it was for *product* registration and it did not inform Plaintiff that failure to complete and return the card did *not diminish Plaintiff's warranty rights* as required by *California Civil Code* § 1793.1.

## PLAINTIFF SPORN

26. On or about August 6, 2020, Sporn searched the internet from his home in San Francisco, California looking to purchase a new pressure cooker.

27. Plaintiff saw the Duo advertised for sale.

28. The Duo's advertising prominently displayed that the Duo was accompanied by

---

[1] https://instantpot.com/support/register/ (last visited Dec. 23, 2020).

an express warranty.

29. Relying on, and valuing, the affirmative warranty promise made on the Duo's packaging, Plaintiff purchased the Duo for approximately $128.

30. Plaintiff later discovered that the Duo did not come with a warranty as Plaintiff was led to believe.

31. Contained within the Duo's packaging were instructions requiring Plaintiff to "register" the Duo's warranty online within thirty (30) days in order to "validate" its warranty and receive warranty benefits.

32. The online registration form requires a consumer to enter their name, email address, phone number, street address, city, state or province, zip code, country, date of product purchase, store name, model, and serial number.[2]

33. The online registration form did not inform Plaintiff that it was for *product* registration and it did not inform Plaintiff that failure to complete and return the card did *not diminish Plaintiff's warranty rights* as required by *California Civil Code* § 1793.1.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL PLAINTIFFS

34. Upon information and belief, Defendant uses the personal information it collects from such card for its own business and marketing purposes and for its own economic benefit.

35. Upon information and belief, Defendant intends for the warranty registration requirement to have a chilling effect on warranty claims, preventing customers who have not registered, or who choose not to register their warranties from making warranty claims, thereby saving Defendant money in warranty repair and administration costs.

36. Defendant has no right to access personal customer information through warranty registration for these purposes, by not making the legally mandated disclosures to

_____

[2] https://instantpot.com/support/register/ (last visited Dec. 23, 2020).

KAZEROUNI
LAW GROUP, APC

customers.

37. Had either of Defendant's products exterior packing or advertising disclosed that the warranty was contingent on registration by Plaintiffs providing their personal information, Plaintiffs would not have purchased Defendant's products, or alternatively would not have paid a premium for the products.

38. Plaintiffs have not received benefit which Plaintiffs bargained for.

## CLASS ALLEGATIONS

39. Plaintiffs brings this action on behalf of themselves and on behalf of all others similarly situated (the "Class"), pursuant to California Code of Civil Procedure Section 382.

40. Plaintiffs represent and are members of the Classes, consisting of:

   a. All persons who purchased one or more of Defendant's products within California during the four (4) years immediately preceding the filing of the Complaint through the date of class certification, which were accompanied by a warranty or product registration card or form, or an electronic online warranty or product registration form, to be completed and returned by the consumer, which do not contain statements, each displayed in a clear and conspicuous manner, informing the consumer that: i) the card or form is for product registration, and ii) informing the consumer that failure to complete and return the card or form does not diminish his or her warranty rights.

   b. All persons who purchased one or more of Defendant's products within California during the four (4) years immediately preceding the filing of the Complaint through the date of class certification, which were accompanied by a warranty or product registration card or form, or an electronic online warranty or product registration form, which is labeled as a warranty registration or a warranty confirmation.

   c. All persons who purchased one or more of Defendant's products within California during the three (3) years immediately preceding the filing of the Complaint through the date of class certification, which were advertised as being

KAZEROUNI
LAW GROUP, APC

> accompanied with an express warranty but which do not contain a warranty, and/or contain warranty activation, confirmation or registration cards requiring persons to provide their personal data or take additional steps in order to receive a warranty.

41. Defendant and its employees or agents are excluded from the Classes.

42. Plaintiffs do not presently know the number of members in the Classes but believes the Class members number in the several thousands, if not substantially more. Thus, this matter should be certified as a class action to assist in the expeditious litigation of this matter.

43. Plaintiffs and members of the Classes were harmed by the acts of Defendant in violating Plaintiffs' and the putative Class members' rights.

44. Plaintiffs reserve the right to expand the class definition to seek recovery on behalf of additional persons as warranted, as facts are learned through further investigation and discovery.

45. The joinder of the Class members is impractical and the disposition of their claims in the class action will provide substantial benefits both to the parties and to the court.

46. The Classes can be identified through Defendant's records, Defendant's agents' records, and/or records of the retailer from which the products were purchased.

47. There is a well-defined community of interest in the questions of law and fact to the Classes that predominate over questions which may affect individual Class members, including the following:

a. Whether the Class products were sold with warranty or product registration cards or forms, or electronic online warranty or product registration forms, which did not contain statements, each displayed in a clear and conspicuous manner, informing the consumer that the card or form is for product registration, and informing the consumer that failure to complete and return the card or form does not diminish his or her

KAZEROUNI
LAW GROUP, APC

1    warranty rights.

2    b. Whether the Class products were sold with warranty or product
3        registration cards or forms, or electronic online warranty or product
4        registration forms, which are labeled as warranty registration or warranty
5        confirmation.

6    c. Whether the Class products were sold with express warranties;

7    d. Whether the Class products make warranty rights contingent on
8        registration;

9    e. Whether Defendant intends warranty registration to act as a barrier to
10       warranty claims;

11   f. Whether Defendant intends to use warranty registration as a means for
12       obtaining Class members' personal information;

13   g. How Defendant uses Class members' personal information;

14   h. Whether Defendant violated the SBA by making Class products'
15       warranties contingent on registration;

16   i. Whether Defendant violated the SBA by not disclosing to Class members
17       that by not submitting warranty registration cards, or online forms, their
18       warranty rights would not be diminished;

19   j. Whether Defendant engaged in false or deceptive advertising practices in
20       violation of the CLRA by not disclosing the warranty registration
21       requirement of Class products to Class members prior to their purchases;

22   k. Whether Defendant is liable for damages, and the amount of such
23       damages; and

24   l. Whether Class members are entitled to equitable relief including
25       injunctive relief.

26   48. Plaintiffs' claims are typical of the claims of the Classes since Plaintiffs
27       purchased a Class product, as did each member of the Classes.

28   49. Plaintiffs and all Class members sustained injuries arising out of Defendant's

1    wrongful conduct and deception.

2    50. Plaintiffs are advancing the same claims and legal theories on behalf of herself
3        and all absent Class members.

4    51. Plaintiffs will fairly and adequately represent and protect the interests of the
5        Classes in that Plaintiffs have no interests antagonistic to any member of the
6        Classes.

7    52. Absent a class action, the Classes will continue to face the potential for
8        irreparable harm. In addition, these violations of law will be allowed to proceed
9        without remedy and Defendant will likely continue such illegal conduct.

10   53. Plaintiffs have retained counsel experienced in handling class action claims and
11       individual claims involving breach of warranties and unlawful business practices.

12   54. A class action is a superior method for the fair and efficient adjudication of this
13       controversy. The injury suffered by each individual Class member is relatively
14       small in comparison to the burden and expense of individual prosecution of the
15       complex and extensive litigation necessitated by Defendant's conduct. It would
16       be virtually impossible for members of the Classes individually to redress
17       effectively the wrongs done to them. Even if the members of the Classes could
18       afford such individual litigation, the court system could not. Individualized
19       litigation presents a potential for inconsistent or contradictory judgments.
20       Individualized litigation increases the delay and expense to all parties, and to the
21       court system, presented by the complex legal and factual issues of the case.

22   55. By contrast, the class action device presents far fewer management difficulties,
23       and provides the benefits of single adjudication, an economy of scale, and
24       comprehensive supervision by a single court. Upon information and belief,
25       members of the Classes can be readily identified and notified based on, inter alia,
26       Defendant's own records, product serial numbers, submitted warranty activation
27       cards, warranty claims, registration records, and database of complaints.

28   56. Defendant has acted, and continues to act, on grounds generally applicable to the

Classes, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Classes as a whole.

## FIRST CAUSE OF ACTION

## VIOLATION OF CALIFORNIA'S SONG-BEVERLY CONSUMER WARRANTY ACT

57. Plaintiffs incorporate all of the above paragraphs of this Complaint as though fully stated in this cause of action.

58. The Class products are "consumer goods" as defined by *California Civil Code* § 1791(a).

59. Plaintiffs and Class members are "buyers" as defined by *California Civil Code* § 1791(b).

60. "Every manufacturer, distributor, or retailer making express warranties with respect to consumer goods shall fully set forth those warranties in simple and readily understood language[.]" *California Civil Code* § 1793.1(a)(1).

61. "If the manufacturer, distributor, or retailer provides a warranty or product registration card or form, or an electronic online warranty or product registration form, to be completed and returned by the consumer, the card or form **shall** contain statements, each displayed in a clear and conspicuous manner, that do all of the following:

    a. Informs the consumer that the card or form is for product registration.

    b. Informs the consumer that failure to complete and return the card or form does not diminish his or her warranty rights." *California Civil Code* § 1793.1(a)(1)(A)-(B).

62. "No warranty or product registration card or form, or an electronic online warranty or product registration form, may be labeled as a warranty registration or a warranty confirmation." *California Civil Code* § 1793.1(b).

63. By providing a warranty registration card and/or online warranty registration form, with Plaintiffs' products and Class members' products', which do not

- 10 -

KAZEROUNI
LAW GROUP, APC

1    inform Plaintiffs and Class members that the card and/or form are for product

2    registration and that warranty rights will not be diminished if the card and/or form

3    are not completed, Defendant is in violation of its affirmative obligations under

4    the SBA.

5    64.    Defendant values its ability to include warranty registration forms on its website

6    and warranty registration cards inside the packaging of its products, and as a result

7    of being permitted to include the forms and cards without the statutorily prescribed

8    language, Defendant received, and continues to receive, a benefit which Plaintiffs

9    and Class members did not realize they paid for.

10   65.    Had Plaintiffs and Class members been aware of these terms, they would not have

11   paid the price they did.

12   66.    Plaintiffs and Class members would have paid less for their products had they

13   been aware of these terms. The premium paid is a benefit received by Defendant

14   and should be returned to Plaintiff.

15   67.    Plaintiffs and Class members have been damaged by not receiving the warranty

16   they were promised, or alternatively, even if warranties do exist, by rightfully

17   believing they do not have warranty rights.

18   68.    Defendant benefits, at Plaintiffs' and Class members' expense, from this tactic as

19   its costs for repairing products under warranty, as well as administering product

20   warranties, are reduced.

21   69.    Class members who did provide their personal information have been damaged by

22   being forced to relinquish their personal information based on Defendant's

23   statutorily mandated omissions.

24   70.    Plaintiffs and Class members are entitled to damages, including reimbursement of

25   the purchase price of the Class products, under *California Civil Code* §1794(a)

26   and §1794(b).

27   71.    In addition to the other amounts recovered, Plaintiffs and Class members are

28   entitled to a civil penalty of two-times the amount of actual damages, pursuant to

KAZEROUNI
LAW GROUP, APC

1    *California Civil Code* §1794(c).

2    72. Plaintiffs and class members are further entitled to recover as part of the judgment
3         a sum equal to the aggregate amount of costs and litigation related expenses,
4         including but not limited to attorney's fees, reasonably incurred in connection with
5         the commencement and prosecution of this action under *California Civil Code*
6         §1794(d).

7                              **SECOND CAUSE OF ACTION**
8    **VIOLATION OF CALIFORNIA'S CONSUMER LEGAL REMEDIES ACT**
9

10   73. Plaintiffs incorporate all of the above paragraphs of this Complaint as though fully
         stated in this cause of action.
11
12   74. Plaintiffs and Class members are "consumers" within the meaning of *California*
13        *Civil Code* §1761(d).

14   75. The sale of Plaintiffs' and Class members' products are "transactions" within the
15        meaning of *California Civil Code* §1761(e).

16   76. Plaintiffs' and Class members' products are "goods" within the meaning of
17        *California Civil Code* §1761(a).

18   77. The CLRA prohibits "representing that goods or services have sponsorship,
19        approval, characteristics, ingredients, uses, benefits, or quantities that they do not
20        have." *California Civil Code* §1770(a)(5).

21   78. The CLRA prohibits "representing that goods or services are of a particular
22        standard, quality, or grade, or that goods are of a particular style or model, if they
23        are of another." *California Civil Code* §1770(a)(7).

24   79. The CLRA prohibits "advertising goods or services with intent not to sell them as
25        advertised." *California Civil Code* §1770(a)(9).

26   80. The CLRA prohibits "representing that a transaction confers or involves rights,
27        remedies, or obligations that it does not have or involve, or that are prohibited by
28        law." *California Civil Code* §1770(a)(14).

KAZEROUNI
LAW GROUP, APC

81. The CLRA prohibits "representing that the consumer will receive a rebate, discount or other economic benefit, if earning the benefit is contingent on an event to occur after the transaction." *California Civil Code* §1770(a)(17).

82. Defendant promised, advertised and represented at time of sale that Plaintiffs and Class members would receive a warranty with no strings attached.

83. However, Defendant failed to disclose on Plaintiffs' products' and Class members' products' exterior packaging that the warranty must be registered to be validated within 30 days of purchase.

84. Defendant's concealment of material warranty terms was done deliberately and intentionally with the purpose of deceiving Plaintiffs and Class members and inducing them into purchasing the Class products, or alternately providing their personal information.

85. Defendant knows, or should have known, that were it to display on the exterior of product packaging the material warranty terms it hides inside the product packing (even if such terms are not valid), Plaintiff and Class members would not purchase the Class products or would not pay a premium for them.

86. Thus, Defendant's conduct violates *California Civil Code* § 1770(a)(5), 1770(a)(7), 1770(a)(9), 1770(a)(14), and 1770(a)(17).

87. Plaintiff members relied on Defendant's representations.

88. As a result of Defendant's false representations and deceitful conduct regarding its warranties, Plaintiffs and Class members were injured because they: (a) would not have purchased the Class products if the true facts were known concerning the Defendant's false and misleading warranty claims at time of purchase, or Plaintiffs and Class members would have paid substantially less; (b) paid a premium price for the Class Products as a result of Defendant's false warranties and misrepresentations; (c) purchased products that did not have the sponsorship, characteristics, and qualities promised by Defendant; and (d) had to take additional steps and actions in order to receive the benefit they should have already entitled

KAZEROUNI
LAW GROUP, APC

1    to.

2    89.  Under California Civil Code § 1780(a) and (b), Plaintiffs, individually and on

3         behalf of the Classes, seek an injunction requiring Defendant to cease and desist

4         the illegal conduct alleged in this Complaint. Specifically, Plaintiffs and Class

5         members are entitled to a permanent injunction that compels Defendant to

6         immediately: (1) cease and desist from the continued sale of the products that

7         contain the same or similar misrepresentations as the Class products; (2) initiate a

8         corrective advertising campaign to notify Class members who are victims of the

9         above-described illegal conduct about the true nature the Class products and

10        associated warranty; and (3) initiate a full recall of the Class products with an offer

11        to refund the purchase price, plus reimbursement of interest.

12   90.  Pursuant to § 1782(a) of the CLRA, on or about February 17, 2021, Plaintiffs'

13        counsel notified Defendant in writing via certified mail return receipt requested of

14        the particular violations of § 1770 of the CLRA and demanded that it rectify the

15        problems associated with the actions detailed above and give notice to all affected

16        consumers of Defendant's intent to act.

17   91.  If Defendant fails to respond to Plaintiffs' letter, fails to agree to rectify the

18        problems associated with the actions detailed above, or fails to give notice to all

19        affected consumers within 30 days of the date of written notice, Plaintiffs reserve

20        the right to amend the Complaint to pursue claims for actual, punitive, and

21        statutory damages, as appropriate against Defendant. As to this cause of action, at

22        this time, Plaintiffs seek only injunctive relief.

23   92.  Attached hereto as **Exhibit A** is an affidavit from Sporn pursuant to *California*

24        *Civil Code* § 1780(d).

25   93.  Attached hereto as **Exhibit B** is an affidavit from Garcia pursuant to *California*

26        *Civil Code* § 1780(d).

27   //

28   //

KAZEROUNI
LAW GROUP, APC

### THIRD CAUSE OF ACTION

### VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW

94. Plaintiffs incorporate all of the above paragraphs of this Complaint as though fully stated in this cause of action.

95. The UCL defines "unfair business competition" to include any "unlawful, unfair or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising. *California Business and Professions Code* § 17200.

96. The UCL imposes strict liability. Plaintiffs need not prove that Defendant intentionally or negligently engaged in unlawful, unfair, or fraudulent business practices – but only that such practices occurred.

### *"Unfair" Prong*

97. A business act or practice is "unfair" under the UCL if it offends an established public policy or is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers, and that unfairness is determined by weighing the reasons, justifications and motives of the practice against the gravity of the harm to the alleged victims.

98. Defendant's actions constitute "unfair" business practices because, as alleged above, Defendant engaged in a misleading and deceptive practice of intentionally omitting statutorily mandated warranty disclosures to consumers.

99. This is done to trick consumers into believing they don't have warranty rights in an effort to discourage warranty claim submissions, thus saving Defendant money and increasing its profit margin. Or worse, to actually eliminate the warranty promised at time of purchase.

100. Defendant tricks consumers into providing their personal information in order to obtain a warranty when the consumers are not required to share their personal information to obtain the benefit of an express warranty.

101. Defendant's acts and practices offend an established public policy of transparency

in warranty rights, and engage in immoral, unethical, oppressive, and unscrupulous activities that are substantially injurious to consumers.

102. The harm to Plaintiffs and Class members grossly outweighs the utility of Defendant's practices as there is no utility to Defendant's practices.

### *"Fraudulent" Prong*

103. A business act or practice is "fraudulent" under the UCL if it is likely to deceive members of the consuming public.

104. Defendant's acts and practices alleged above constitute fraudulent business acts or practices as they deceived Plaintiffs and are highly likely to deceive members of the consuming public.

105. By not providing the required statutory language, Plaintiff and Class members can only draw one conclusion: registration is required in order to receive and access their warranty, contrary to the representations made at time of sale that the products and Class products were accompanied with an express warranty.

### *"Unlawful" Prong*

106. A business act or practice is "unlawful" under the UCL if it violates any other law or regulation.

107. Defendant's acts and practices alleged above constitute unlawful business acts or practices as they have violated the plain language of the SBA as described in Plaintiffs' First Cause of Action above.

108. As detailed in Plaintiffs' Second Cause of Action above, Defendant's acts and practices surrounding the sale also violate several provisions of the CLRA.

109. The violation of any law constitutes an "unlawful" business practice under the UCL.

110. These acts and practices alleged were intended to or did result in violations of the SBA and the CLRA.

111. Defendant's practices, as set forth above, have misled Plaintiffs, the Class members, and the public in the past and will continue to mislead in the future. Consequently, Defendant's practices constitute an unlawful, fraudulent, and unfair business practice within the meaning of the UCL.

112. Pursuant to the UCL, Plaintiffs are entitled to preliminary and permanent injunctive relief and order Defendant to cease this unfair competition, as well as disgorgement and restitution to Plaintiffs and the Class of all Defendant's revenues associated with its unfair competition, or such portion of those revenues as the Court may find equitable.

## PRAYER FOR RELIEF

Plaintiffs pray that judgment be entered against Defendant as follows:

1. That this action be certified as a class action;

2. That Plaintiffs be appointed as the representatives of the Classes;

3. That Plaintiffs' attorneys be appointed Class Counsel;

4. For an order declaring Defendant's conduct to be unlawful;

5. For an order compelling Defendant to make restitution to Plaintiffs and Class members under the SBA in an amount equal to the total amounts paid and payable for the Class products;

6. For actual damages;

7. For a civil penalty of two-times actual damages;

8. For punitive damages;

9. For pre and post -judgment interest at the legal rate;

10. For injunctive and other equitable relief as necessary to protect the interests of Plaintiffs and other Class members, and an order prohibiting Defendant from engaging in the unlawful, unfair, deceptive and fraudulent acts described above;

11. For an order that Defendant engage in a corrective advertising campaign;

KAZEROUNI
LAW GROUP, APC

12. For an order of restitution and disgorgement of all profits and unjust enrichment that Defendant obtained from Plaintiffs and the Class members as a result of its unlawful, unfair, and fraudulent business practices;

13. For attorney's fees, costs of suit, and out of pocket expenses; and

14. For such other and further relief that the Court deems proper.

## TRIAL BY JURY

113. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand a trial by jury.

Dated: February 17, 2021                    Respectfully submitted,


                                            **KAZEROUNI LAW GROUP, APC**

                                            By:_____
                                            ABBAS KAZEROUNIAN, ESQ.
                                            ak@kazlg.com
                                            *ATTORNEY FOR PLAINTIFFS*

# Exhibit A

## DECLARATION OF MICHAEL SPORN

**I, Michael Sporn, DECLARE:**

1. On or about August 6, 2020, I purchased an Instant Pot Duo Nova 10 qt. Electric Pressure Cooker ( the "Product").

2. At the time of my payment and review of the Product, I was in San Francisco County, where I also reside.

3. Also, it is my understanding that Defendant, Corelle Brands, LLC d/b/a Instant Brands Inc., does business in the County of San Francisco, State of California

I declare under penalty of perjury under the laws of California and the United States of America that the foregoing is true and correct, and that this declaration was executed on _____February 13_____, 2021.

By: _____*Michael H. Sporn*_____

Michael Sporn

---

**DECLARATION PURSUANT TO CAL. CIV. CODE §1780(D)**

# Exhibit B

1

## <u>DECLARATION OF CAROLINE GARCIA</u>

**I, Caroline Garcia, DECLARE:**

1. On or about November 10, 2020, I purchased an Instant Pot Lux Pressure Cooker (the "Product").

2. At the time of my payment and review of the Product, I was in the State of California, where I also reside.

3. Also, it is my understanding that Defendant, Corelle Brands, LLC d/b/a Instant Brands Inc., does business in the State of California.

   I declare under penalty of perjury under the laws of California and the United States of America that the foregoing is true and correct, and that this declaration was executed on _____02/16_____, 2021.

By:_____

Caroline Garcia

KAZEROUNI
LAW GROUP APC

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>⌐ Abbas Kazerounian (SBN: 249203)<br>Kazerouni Law Group, APC<br>245 Fischer Ave., Suite D1<br>Costa Mesa, CA 92626<br>TELEPHONE NO: 800-400-6808   FAX NO: 800-520-5523<br>ATTORNEY FOR *(Name)*: Plaintiffs Caroline Garcia and Michael Sporn | FOR COURT USE ONLY |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister St.
MAILING ADDRESS: same as above
CITY AND ZIP CODE: San Francisco, CA 94102-4515
BRANCH NAME: Civic Center Courthouse

**ENDORSED**
**FILED**
San Francisco County Superior Court

**FEB 1 8 2021**

**CLERK OF THE COURT**
BY **ANGELICA SUNGA**
Deputy Clerk

CASE NAME:
Garcia et al.  Corelle Brands, LLC

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | **CGC-21-589808** |
| | | | JUDGE: |
| | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22)<br>☐ Uninsured motorist (46) | ☐ Breach of contract/warranty (06)<br>☐ Rule 3.740 collections (09)<br>☐ Other collections (09)<br>☐ Insurance coverage (18)<br>☐ Other contract (37) | ☐ Antitrust/Trade regulation (03)<br>☐ Construction defect (10)<br>☐ Mass tort (40)<br>☐ Securities litigation (28)<br>☐ Environmental/Toxic tort (30) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**<br>☐ Asbestos (04)<br>☐ Product liability (24)<br>☐ Medical malpractice (45)<br>☐ Other PI/PD/WD (23) | **Real Property**<br>☐ Eminent domain/Inverse condemnation (14)<br>☐ Wrongful eviction (33)<br>☐ Other real property (26) | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| **Non-PI/PD/WD (Other) Tort**<br>☑ Business tort/unfair business practice (07)<br>☐ Civil rights (08)<br>☐ Defamation (13)<br>☐ Fraud (16)<br>☐ Intellectual property (19)<br>☐ Professional negligence (25)<br>☐ Other non-PI/PD/WD tort (35) | **Unlawful Detainer**<br>☐ Commercial (31)<br>☐ Residential (32)<br>☐ Drugs (38)<br>**Judicial Review**<br>☐ Asset forfeiture (05)<br>☐ Petition re: arbitration award (11)<br>☐ Writ of mandate (02)<br>☐ Other judicial review (39) | **Enforcement of Judgment**<br>☐ Enforcement of judgment (20)<br>**Miscellaneous Civil Complaint**<br>☐ RICO (27)<br>☐ Other complaint *(not specified above)* (42)<br>**Miscellaneous Civil Petition**<br>☐ Partnership and corporate governance (21)<br>☐ Other petition *(not specified above)* (43) |
| **Employment**<br>☐ Wrongful termination (36)<br>☐ Other employment (15) | | |

2. This case ☑ is   ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify)*: 3; Violations of the Song-Beverly Consumer Warranty Act
5. This case ☑ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 02/17/2021
Abbas Kazerounian
_____
(TYPE OR PRINT NAME)    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
 Auto (22)–Personal Injury/Property Damage/Wrongful Death
 Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
 Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
 Product Liability *(not asbestos or toxic/environmental)* (24)
 Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
 Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
 Business Tort/Unfair Business Practice (07)
 Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
 Defamation (e.g., slander, libel) (13)
 Fraud (16)
 Intellectual Property (19)
 Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
 Other Non-PI/PD/WD Tort (35)

**Employment**
 Wrongful Termination (36)
 Other Employment (15)

**Contract**
 Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
 Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
 Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
 Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
 Eminent Domain/Inverse Condemnation (14)
 Wrongful Eviction (33)
 Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
 Commercial (31)
 Residential (32)
 Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
 Asset Forfeiture (05)
 Petition Re: Arbitration Award (11)
 Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
 Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
 Antitrust/Trade Regulation (03)
 Construction Defect (10)
 Claims Involving Mass Tort (40)
 Securities Litigation (28)
 Environmental/Toxic Tort (30)
 Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
 Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
 RICO (27)
 Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
 Partnership and Corporate Governance (21)
 Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CASE NUMBER: CGC-21-589808  CAROLINE GARCIA ET AL VS. CORELLE BRANDS, LLC D/

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

**DATE:**  **JUL-21-2021**

**TIME:**  **10:30AM**

**PLACE:**  **Department 610**
**400 McAllister Street**
**San Francisco, CA  94102-3680**

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.  However, it would facilitate the issuance of a case management order **without an appearance**  at the case management conference if the case management statement is filed and served twenty-five days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.  **This case is eligible for electronic filing and service per Local Rule 2.11.  For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

## ALTERNATIVE DISPUTE RESOLUTION REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE SHOULD PARTICIPATE IN MEDIATION, ARBITRATION, NEUTRAL EVALUATION,  AN EARLY SETTLEMENT CONFERENCE, OR OTHER APPROPRIATE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**

**(SEE LOCAL RULE 4)**

Plaintiff **must** serve a copy of the Alternative Dispute Resolution (ADR) Information Package on each defendant along with the complaint.  (CRC 3.221.) The ADR package may be accessed at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution or you may request a paper copy from the filing clerk.  All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the ADR Information Package prior to filing the Case Management Statement.

**Superior Court Alternative Dispute Resolution Administrator**
**400  McAllister Street, Room 103-A**
**San Francisco, CA  94102**
**(415) 551-3869**

See Local Rules 3.3, 6.0 C and 10 B ro stipulation to judge pro tem.



# Superior Court of California, County of San Francisco
## Alternative Dispute Resolution
### Information Package



> The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action together with the cross-complaint. (CRC 3.221(c).)

**WHAT IS ADR?**

Alternative Dispute Resolution (ADR) is the term used to describe the various options available for settling a dispute without a trial. There are many different ADR processes, the most common forms of which are mediation, arbitration and settlement conferences. In ADR, trained, impartial people decide disputes or help parties decide disputes themselves. They can help parties resolve disputes without having to go to trial.

**WHY CHOOSE ADR?**

It is the policy of the Superior Court that every long cause, non-criminal, non-juvenile case should participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to trial. (Local Rule 4.)

ADR can have a number of advantages over traditional litigation:

- **ADR can save time.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.
- **ADR can save money,** including court costs, attorney fees, and expert fees.
- **ADR encourages participation.** The parties may have more opportunities to tell their story than in court and may have more control over the outcome of the case.
- **ADR is more satisfying.** For all the above reasons, many people participating in ADR have reported a high degree of satisfaction.

<u>**\*\*Electing to participate in an ADR process does not stop the time period to respond to a complaint or cross-complaint\*\***</u>

**WHAT ARE THE ADR OPTIONS?**

The San Francisco Superior Court offers different types of ADR processes for general civil matters. The programs are described below:

**1) MANDATORY SETTLEMENT CONFERENCES**

Settlement conferences are appropriate in any case where settlement is an option. The goal of settlement conferences is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of a dispute. Mandatory settlement conferences are ordered by the court and are often held near the date a case is set for trial, although they may be held earlier if appropriate. A party may elect to apply to the Presiding Judge for a specially set mandatory settlement conference by filing an ex parte application. See Local Rule 5.0 for further instructions. Upon approval by the Presiding Judge, the court will schedule the conference and assign a settlement conference officer.

## 2) MEDIATION

Mediation is a voluntary, flexible, and confidential process in which a neutral third party facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of a dispute after exploring the interests, needs, and priorities of the parties in light of relevant evidence and the law.

(A) MEDIATION SERVICES OF THE BAR ASSOCIATION OF SAN FRANCISCO (BASF), in cooperation with the Superior Court, is designed to help civil litigants resolve disputes before they incur substantial costs in litigation. While it is best to utilize the program at the outset of litigation, parties may use the program at any time while a case is pending. Experienced professional mediators work with parties to arrive at a mutually agreeable solution. The mediators provide one hour of preparation time and the first two hours of mediation time. Mediation time beyond that is charged at the mediator's hourly rate. BASF pre-screens all mediators based upon strict educational and experience requirements. Parties can select their mediator from the panels at www.sfbar.org/mediation or BASF can assist with mediator selection. BASF staff handles conflict checks and full case management. The success rate for the program is 67% and the satisfaction rate is 99%. BASF charges an administrative fee of $295 per party. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waivers of the fee are available to those who qualify. For more information, call 415-982-1600 or email adr@sfbar.org.

(B) JUDICIAL MEDIATION PROGRAM provides mediation with a San Francisco Superior Court judge for civil cases, which include but are not limited to, personal injury, construction defect, employment, professional malpractice, insurance coverage, toxic torts and industrial accidents. Parties may utilize this program at any time throughout the litigation process. Parties interested in judicial mediation should file a Stipulation to Judicial Mediation indicating a joint request for inclusion in the program. A preference for a specific judge may be indicated. The court will coordinate assignment of cases for the program. There is no charge. Information about the Judicial Mediation Program may be found by visiting the ADR page on the court's website: www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

(C) PRIVATE MEDIATION: Although not currently a part of the court's ADR program, parties may select any private mediator of their choice. The selection and coordination of private mediation is the responsibility of the parties. Parties may find mediators and organizations on the Internet. The cost of private mediation will vary depending on the mediator selected.

(D) COMMUNITY BOARDS MEDIATION SERVICES: Mediation services are offered by Community Boards (CB), a nonprofit resolution center, under the Dispute Resolution Programs Act. CB utilizes a three-person panel mediation process in which mediators work as a team to assist the parties in reaching a shared solution. To the extent possible, mediators are selected to reflect the demographics of the disputants. CB has a success rate of 85% for parties reaching a resolution and a consumer satisfaction rate of 99%. The fee is $45-$100 to open a case, and an hourly rate of $180 for complex cases. Reduction and waiver of the fee are available. For more information, call 415-920-3820 or visit communityboards.org.

### 3) ARBITRATION

An arbitrator is a neutral attorney who presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case.

#### (A) JUDICIAL ARBITRATION

When the court orders a case to arbitration it is called "judicial arbitration". The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial. Pursuant to CCP 1141.11, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. (Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.) An arbitrator is chosen from the court's arbitration panel. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a trial within 60 days after the arbitrator's award has been filed. Local Rule 4.1 allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate after being assigned to judicial arbitration. There is no cost to the parties for judicial arbitration.

#### (B) PRIVATE ARBITRATION

Although not currently a part of the court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

### HOW DO I PARTICIPATE IN ADR?

Litigants may elect to participate in ADR at any point in a case. General civil cases may voluntarily enter into the court's or court-affiliated ADR programs by any of the following means:

- Filing a Stipulation to ADR: Complete and file the Stipulation form (attached to this packet and available on the court's website); or
- Indicating your ADR preferences on the Case Management Statement (available on the court's website); or
- Contacting the court's ADR Department (see below), the Bar Association of San Francisco's ADR Services, or Community Boards.

**For more information about ADR programs or dispute resolution alternatives, contact:**

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103-A, San Francisco, CA 94102
415-551-3869
Or, visit the court's ADR page at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

TO PARTICIPATE IN ANY OF THE COURT'S ADR PROGRAMS, PLEASE COMPLETE AND FILE THE ATTACHED STIPULATION TO ADR AND SUBMIT IT TO THE COURT. YOU MUST ALSO CONTACT BASF OR COMMUNITY BOARDS TO ENROLL IN THEIR LISTED PROGRAMS. THE COURT DOES NOT FORWARD COPIES OF STIPULATIONS TO BASF OR COMMUNITY BOARDS.

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and address) | FOR COURT USE ONLY |
|---|---|
| · area code no. <br> telephone    (optional). | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO <br> 400 McAllister Street <br> San Francisco, CA 94102-4514 | |
|---|---|

| PLAINTIFF/PETITIONER: | |
|---|---|
| DEFENDANT/RESPONDENT: | |

| **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER _____ |
|---|---|
| | **DEPARTMENT 610** |

**1)** **The parties hereby stipulate that this action shall be submitted to the following ADR process:**

☐ **Mediation Services of the Bar Association of San Francisco (BASF)** - Experienced professional mediators, screened and approved, provide one hour of preparation and the first two hours of mediation time for a BASF administrative fee of $295 per party. Mediation time beyond that is charged at the mediator's hourly rate. Waivers of the administrative fee are available to those who qualify. BASF assists parties with mediator selection, conflicts checks and full case management. www.sfbar.org/mediation

☐ **Mediation Services of Community Boards (CB)** – Service in conjunction with DRPA, CB provides case development and one three-hour mediation session. Additional sessions may be scheduled. The cost is $45-$100 to open a case, and an hourly rate of $180 for complex cases. Reduction and waiver of the fee are available  to those who qualify. communityboards.org

☐ **Private Mediation** - Mediators and ADR provider organizations charge by the hour or by the day, current market rates. ADR organizations may also charge an administrative fee. Parties may find experienced mediators and organizations on the Internet.

☐ **Judicial Arbitration** - Non-binding arbitration is available to cases in which the amount in controversy is $50,000 or less and no  equitable relief is sought. The court appoints a pre-screened arbitrator who will issue an award. There is no fee for this  program. www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

☐ **Judicial Mediation** - The Judicial Mediation program offers mediation in civil litigation with a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. There is  no fee for this program. www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

Judge Requested (see list of Judges currently participating in the program): _____

Date range requested for Judicial Mediation (from the filing of stipulation to Judicial Mediation):

☐ 30-90 days ☐ 90-120 days ☐ Other (please specify) _____

☐ **Other ADR process (describe)** _____

**2)** **The parties agree that the ADR Process shall  be completed by** (date) _____    _____
**3)** **Plaintiff(s) and Defendant(s) further agree as follows:**

_____

_____

_____  
Name of Party Stipulating

_____  
Name of Party or Attorney Executing Stipulation

_____  
Signature of Party or Attorney

☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Dated: _____

_____  
Name of Party Stipulating

_____  
Name of Party or Attorney Executing Stipulation

_____  
Signature of Party or Attorney

☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Dated: _____

*Additional signature(s) attached*

STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION